UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| D'WAN EVANS,<br><br>    Plaintiff,<br><br>vs.<br><br>MCCOLLISTER'S TRANSPORTATION GROUP, INC.,<br><br>    Defendant. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>Civil Action No.: |

Plaintiff D'WAN EVANS ("Evans" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendants MCCOLLISTER'S TRANSPORTATION GROUP, INC., ("Defendant" or "McCollister"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendant as a collective action on behalf of himself and all other persons similarly situated –non-exempt helpers– who suffered damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt helper duties for the Defendant in New Jersey and based from Defendant's warehouse located in Burlington, Burlington County, NJ. Defendant is therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant McCollister, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant moves furniture, and other goods within and between states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using tools and product which have moved through interstate channels so as to produce an end product for Defendant's clients. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Evans is an adult individual who is a resident of Camden, Camden County, New Jersey.

9. Plaintiff Evans was employed by Defendant full time as a helper, from in or about April, 2016, through in or about March, 2018.

10. Upon information and belief, the Defendant owns and operates a moving and Storage company. According to Defendant's website "McCollister's, headquartered in Burlington, New Jersey has approximately 1,000 full time associates throughout our 16 strategically located full-service facilities. McCollister's owns and operates a service fleet of over 1,000 pieces of equipment to support our client's transportation and warehouse needs." McCollister's has locations throughout the country. Mainly, McCollister has locations in New Jersey, California, Texas, New York, Massachusetts, Florida, Illinois, Virginia, and Georgia. See Defendant's website, *https://www.mccollisters.com.*

11. Upon information and belief, at all times relevant to this Complaint, the Defendant McCollister, employs individuals to perform labor services on behalf of the Defendant. Upon information and belief, at all times relevant to this Complaint, the Defendant McCollister's annual gross volume of sales or business done was not less than $500,000.00.

12. At all times relevant to this Complaint, the Defendant McCollister was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## CLASS AND COLLECTIVE ALLEGATIONS

13. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

14. This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendant.

15. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the

collective action are all victims of the Defendant's common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

16. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 200 employees. In addition, the names of all potential members of the putative class are not known.

17. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendant's policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendant's actions.

18. Upon information and belief, Defendant uniformly applies the same employment policies, practices, and procedures to all employees who work at the Defendant's locations.

19. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

21. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

22. Plaintiff's claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

23. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

24. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

25. Plaintiff Evans was an hourly employee and his hourly rate of pay was approximately $14.00 per hour.

26. Plaintiff Evans routinely worked five (5) days per week.

27. Plaintiff Evans worked approximately fifty-five (55) hours per week.

28. Plaintiff Evans was not paid for all of the hours that he worked.

29. From approximately April 2016, until approximately November 2017, Plaintiff Evans was not paid time and one half for the hours that he worked in excess of forty (40) in a work week.

30. Starting in November, 2017, Defendant did start to pay Plaintiff Evans time and half for the hours that Plaintiff worked in excess of forty (40) hours in a work week.

31. Plaintiff Evans usually was not able to take a thirty (30) minute lunch break while he was working. However, Defendant automatically deducted thirty (30) minutes from its employees every day, regardless of whether they could take a lunch break.

32. Upon information and belief, during the time period at issue, employees similarly situated to Plaintiff were also not compensated for their overtime hours (hours worked in excess of forty (40)) each week.

33. Upon information and belief, during the time period at issue, employees similarly situated to Plaintiff were also not compensated for lunch periods when they were not able to take a thirty (30) minute break.

34. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

35. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

36. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

37. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendant.

38. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendant.

39. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those

similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

40. The additional persons who may become Plaintiffs in this action are Defendant's laborers who have worked overtime hours in one or more work periods, on or after May 22, 2015, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

41. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 41 above.

43. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

44. All similarly situated employees of the Defendant are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

45. Defendant knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

46. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

48. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 47 above.

49. Defendant's aforementioned conduct is in violation of the NJWHL.

50. As a direct and proximate cause of Defendant's actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

**51.** Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff D'WAN EVANS, and those similarly situated to him, who have or will become part of this collective and class action, demand judgment, against Defendant MCCOLLISTER'S TRANSPORTATION GROUP, INC., for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: May 22, 2018					Respectfully submitted,

						 s/ Andrew I. Glenn
						Andrew I. Glenn
						E-mail: AGlenn@JaffeGlenn.com
						New Jersey Bar No.: 026491992

Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*