

301 North Harrison Street, 9F, #306, Princeton, NJ 08540
Tel: (201) 687-9977   Facsimile: (201) 595-0308   Toll: (866) 216-4124
Florida ● New Jersey ● New York

November 5, 2019

**VIA CM/ECF**
Judge Renee Bumb, U.S.D.J.
United States District Court, Camden
Mitchell H. Cohen Bldg. and U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

    Re:    **Evans v. McCollister's Transportation Group, Inc.**
              **Dkt. No.: 1:18-cv-09553-RMB-AMD**

Dear Honorable Judge Bumb:

      We represent Plaintiff D'wan Evans in this matter. Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff D'Wan Evans ("Plaintiff") and Defendant McCollister's Transportation Group, Inc. ("Defendant") (Plaintiff and Defendant collectively, the "Parties") submit this joint letter motion requesting the Court to approve the Parties' proposed Settlement Agreement and Release (the "Settlement Agreement") (Exhibit A), and to dismiss this case with prejudice. This letter motion is being presented resultant from this Honorable Court's opinion in *Chillogallo v. John Doe LLC #1*, 2018 WL 4735737, at *1 (D.N.J. Oct. 1, 2018), holding that judicial approval of a settlement is necessary in cases resolving allegations of violations of the Fair Labor Standards Act, 29 U.S.C. §201, et.al. ("FLSA" or "the Act")(citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

## PROCEDURAL HISTORY

      By way of background, on or about May 22, 2018, a Collective Action Complaint was filed against Defendant on behalf of D'wan Evans, seeking damages for violations of the overtime provisions of the FLSA and analogous New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a et seq. ("NJWHL"). No other potential plaintiffs have opted-in and there has been no motion filed to conditionally certify a class.

      Since the commencement of this action, there has been substantial litigation including, but not limited to, obtaining a Clerk's Certificate of Default and commencement of a Motion for Final Default due to Defendant's initial failure to respond to the Complaint filed in this matter;

and the completion and service of formal written discovery requests as well as an exchange and analysis of documents responsive to discovery practice. This matter finally resulted in a proposed settlement after pending in this Court for almost one and a half years.

## DISPUTED LEGAL ISSUES AND STANDARD FOR APPROVAL

The major issue of contention in this case is whether Mr. Evans was exempt from the overtime requirements of the FLSA, pursuant to 29 U.S.C. §213(b)(1) of the Act, or the Motor Carrier Exemption to the FLSA, and more specifically, whether Mr. Evans' job as a driver's helper with the Defendant affected the safety of the vehicle in the transport of interstate commerce on public highways. A second issue is the number of hours Plaintiff worked each week for Defendant.

To avoid the costs associated with further litigation and the uncertainty of same, the Parties wish to fully and finally resolve all of Plaintiff's claim in this action now. Therefore, the Parties seek the Court's approval of this settlement in accordance with the requirements of the FLSA and the decision of *Lynn's Food*, *supra*. Within this Circuit, district courts are applying the *Lynn's Food* factors in considering approval of FLSA claim settlements. *See Bettger v. Crossmark, Inc*. No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015); *Davis v. Essex County,* No. 14-CV-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015). That is, when reviewing a proposed settlement in a FLSA action, courts must find (1) a fair and reasonable resolution of (2) a bona fide dispute. *See Lynn's Foods*, 679 F.2d at 1354; *Brumley v. Camin Cargo Control, Inc.,* 2012 WL 1019337 at *2 (D.N.J. Mar. 26, 2012); *Bredbenner v. Liberty Travel, Inc*., 2011 WL 1344745 at *18 (D.N.J. Apr. 8, 2011).

For the reasons set forth below, the settlement reached by the Parties is a fair and reasonable resolution of a bona fide dispute and should be approved.

### A. A Bona Fide Dispute Exists Between the Parties

A bona fide dispute exists between the parties as to liability and damages. A proposed settlement resolves a bona fide dispute where its terms reflect a reasonable compromise over issues that are actually in dispute. *Lynn's Food*, 679 F.2d at 1355. Plaintiff alleges that he is entitled to overtime and Defendant denies same, maintaining that Plaintiff is exempt from the overtime requirements of the FLSA and the NJWHL, based on the Motor Carrier Act exception. Further, Plaintiff contends that the overtime hours he worked were greater than those delineated in time records produced by Defendant.

Thus, in addition to the dispute over liability, the time records produced by the Defendant reflect that during his employment, Plaintiff worked approximately 75 hours of unpaid overtime, which contradicts Plaintiff's allegation that he worked more overtime hours. Based on Defendant's records, if Plaintiff succeeded at trial, he would have yielded a recovery of approximately $3,150.00, inclusive of liquidated damages, i.e. double damages under the FLSA. This matter resolved with a recovery for Plaintiff of $2,335.00, which equates to a 150% recovery of his actual damages as delineated in Defendant's time records. Plaintiff accepted this settlement amount in light of the uncertainty associated with recovery at a trial of this matter and, therefore, a bona fide

dispute, based on liability and damages, remains.

Having first determined that the settlement concerns a bona fide dispute, courts will conduct a two-part fairness inquiry to ensure that (1) the settlement is fair and reasonable for the employees, and (2) the agreement furthers the FLSA's implementation in the workplace. *See McGee v. Ann's Choice, Inc.*, No. 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014); *Lynn's Food*, 679 F.2d at 1353; *Brumley*, 2012 WL 1019337 at *4. A court should approve the settlement only if it is reasonable to the employee and furthers implementation of the FLSA in the workplace. Id.

### B. The Settlement is a Fair and Reasonable Resolution of the Bona Fide Dispute

#### 1. The Settlement is Fair and Reasonable to the Plaintiff

The settlement to the Plaintiff is fair and reasonable. In light of the uncertainty as to both liability and damages, Defendant and Plaintiff agreed to a compromise settlement, with liability for purposes of settlement only being assumed, and Plaintiff agreeing to Defendant's time records for a damage calculation. Based on these records, a 100% recovery would yield Plaintiff $1,575.00. The settlement to the Plaintiff was for $2,335.00, which equates to a 150% recovery.

Further, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *See Lynn's Food*, 679 F.2d at 1353-54; *Bredbenner*, 2011 WL 1344745 at *18. Like other jurisdictions, the Third Circuit recognizes a strong public policy in favor of settlement. *See Farris v. J.C. Penney,* 176 F.3d 706, 711 (3d Cir. 1999). Indeed, "settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the courts." *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997).

Accordingly, the settlement is fair and reasonable.

#### 2. The Settlement Does Not Frustrate the Implementation of the FLSA in the Workplace

Once the settlement is deemed fair and reasonable, courts must then consider "whether the agreement furthers or frustrates the implementation of the FLSA in the workplace." *See Lynn's Food*, *679 F.2d* at 1353; *Brumley*, 2012 WL 1019337, at *4. A settlement does not frustrate the purposes of the FLSA where a defendant continues to deny liability. See Gabrielyan v. S.O. Rose Apts. LLC, No.15-1771, 2015 U.S. Dist. Lexis 135615, at *6 (D.N.J. Oct. 5, 2015). Here, the settlement agreement expressly notes that Defendant does not admit to any liability and contends that Plaintiff was exempt from receiving overtime pay. (Settlement Agreement, at second Whereas clause and at ¶6). As also noted above, there is a bona fide dispute relating to Plaintiff's claims and given the risks involved, the settlement represents a fair and reasonable compromise. Therefore, the Settlement Agreement does not frustrate implementation of the FLSA in the workplace.

3

For the foregoing reasons, the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties that does not frustrate implementation of the FLSA in the workplace and should be approved.

### C. The Compromise for Attorneys' Fees and Costs Should Be Approved as Fair and Reasonable

In the instant case, the Defendant has agreed to pay the compromise sum of $4,165.00, to resolve Plaintiff's claims for attorneys' fees and costs. The fees sought in this Motion are $3,790.00, and costs in the amount of $425.00. The resolution of fees in this matter is approximately a 60% reduction of the total fees incurred from the inception of this case in May, 2018. More specifically, since the filing of the Complaint, Plaintiff's counsel has spent over 25 hours and incurred over $10,000.00, in legal fees prosecuting this matter. The extent of reduction of Plaintiff's attorney's fees demonstrates the reasonableness of the overall compromise in this matter**.**

### CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court (a) approve the Settlement and Release Agreement; and (b) dismiss this action, with prejudice.

Respectfully Submitted,

/s Andrew I. Glenn
Andrew Glenn, Esq.
Counsel for Plaintiff


Joined by Defendant McCollister's Transportation Group, Inc.


*/s/Douglas Diaz*
Douglas Diaz, Esq.
Counsel for Defendant


217566834v1

4